IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-88-BO

| | |
|---|---|
| CAROLYN JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This matter is before the Court on defendant's motion to remand under sentence four of 42 U.S.C. § 405(g). A hearing was held on the motion before the undersigned on November 3, 2016, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act and for supplemental security income (SSI) pursuant to Tile XVI of the Social Security Act. Plaintiff applied for DIB and SSI on April 13, 2012, alleging disability since April 5, 2012. Her claim was denied initially and on reconsideration. An Administrative Law Judge (ALJ) then held a hearing and considered plaintiff's claim de novo. The ALJ issued a decision on September 9, 2014, finding that plaintiff was not disabled. In an order dated April 5, 2016, the Appeals Council denied plaintiff's request for review and the decision of the ALJ became the final decision of the Commissioner. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

After finding that plaintiff met the insured status requirement and had not engaged in substantial gainful activity since her alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: diabetes mellitus, hypertension, status-post right leg break (remote) with residuals, osteoarthritis of the neck, depression/mood disorder, borderline intellectual functioning, and status-post stroke with neurocognitive disorder. The ALJ found that plaintiff's impairments did not alone or in combination meet or equal a listing at step three, and found that during the relevant time period plaintiff had a residual functional capacity (RFC) to perform light work with exertional and nonexertional limitations. The ALJ went on to find at step four that plaintiff not perform her pas relevant work as a security guard, laundry worker, and presser. The ALJ found that, considering plaintiff's age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled as of September 9, 2014.

Defendant seeks a remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and development. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (explaining that remand under sentence four involves a determination as to the correctness of the ALJ's decision, while remand under sentence six for consideration of new evidence does not). Specifically, defendant concedes that the ALJ below failed to apply the correct regulatory and administrative guidelines in evaluating Listing 12.05C. Defendant further concedes that the ALJ failed to address plaintiff's obesity in violation of SSR 02-1p. Finally, defendant contends that remand of this matter is "ethically appropriate to correct the deficiencies in the ALJ's decision."

Without commenting on the ethics of whether the decision to remand or reverse is appropriate, the Court in its discretion finds that reversal of the ALJ's decision is appropriate in

3

this case. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is proper. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, the ALJ did not fail to explain his reasoning and there is no ambivalence in the medical record which would preclude this Court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Rather, as plaintiff has demonstrated in her opposition brief, proper applications of the social security rules and regulations results in a finding that the Listing 12.05C criteria are satisfied here. Listing 12.05C requires a valid IQ of 60 to 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function, as well as the presence of deficits in adaptive functioning initially manifested before age 22. 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 12.05. In finding that plaintiff did not meet Listing 12.05C, the ALJ reasoned that despite plaintiff's IQ scores she had not demonstrated the requisite adaptive functioning deficits. Substantial evidence in the record does not support the ALJ's conclusion.

The record plainly contains IQ scores as low as 58 but which primarily are lower than 70. *See, e.g.,* Tr. 552-553. The record further contains adequate evidence of a physical or mental impairment imposing additional and significant work-related limitation, as this can be satisfied

4

by plaintiff's other impairments which have found to be severe at step two of the sequential evaluation. *See* 20 C.F.R. 416.920(c); *see also Luckey v. U.S. Dep't of Health & Human Servs.*, 890 F.2d 666, 669 (4th Cir. 1989) (The Secretary's finding that Luckey suffers from a severe combination of impairments also established the second prong of section 12.05(C).").

Finally, the record further supports the presence of deficits in adaptive functioning which initially manifested before age 22. Plaintiff's school records demonstrate that she was placed in the educable mentally handicapped program but received poor grades and was functioning at a second to fourth grade level when she was fourteen years old. *See* Tr. 293-299, 311. When she was seventeen years old she continued to test at the third to fourth grade level in mathematics, reading comprehension, reading, spelling, and arithmetic. Tr. 317-18; *see also Dixon v. Astrue*, No. 7:08-CV-218-FL, 2009 WL 4545262, at *3 (E.D.N.C. Dec. 4, 2009) ("plaintiff's enrollment in special education classes, his poor performance in school, his inability to complete the ninth grade, and his lackluster performance on achievement testing is evidence demonstrating deficits in adaptive functioning prior to age 22."). The ALJ's reliance on plaintiff's work history to find an absence of deficits in adaptive functioning is misplaced. "When a claimant for benefits satisfies the disability listings, benefits are due notwithstanding any prior efforts of the claimant to work despite the handicap." *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987); *see also Shaw v. Astrue*, No. 4:08-CV-132-D(2), 2009 WL 2486932, at *7 (E.D.N.C. Aug. 13, 2009) ("Listing 12.05(C) assumes many, if not most, mildly mentally retarded individuals will be able to work.... Therefore, the fact that [a claimant] has a history of continuous employment in the past is irrelevant to whether he has subsequently become disabled due to the development of

5

additional severe impairments.") (quoting *Muntzert v. Astrue*, 502 F.Supp.2d 1148, 1158 (D.Kan.2007)).

As the Acting Commissioner has conceded that the ALJ failed to apply the correct regulatory and administrative guidelines in evaluating Listing 12.05C, and the record wholly establishes plaintiff's entitlement to benefits, the Court finds that an award of benefits is appropriate in this case.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion to remand [DE 12] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED for an award of benefits.

SO ORDERED, this **12** day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6